IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL F. JACKSON,　　　　　　　　　　　　　　　　　　　　　　PETITIONER
ADC #114667A

v.　　　　　　　　　　5:11-cv-00275-SWW-JJV

RAY HOBBS, Director,
Arkansas Department of Correction　　　　　　　　　　　　　　　　RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

　　1.　　Why the record made before the Magistrate Judge is inadequate.

　　2.　　Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

　　3.　　The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

On January 14, 1999, Mr. Jackson was sentenced to 240 months imprisonment in the Arkansas Department of Correction. (Doc. No. 7-2 at 1-2.) He appealed his conviction and sentence to the Arkansas Court of Appeals; both were affirmed. (Doc. No. 7-2 at 3.) Subsequently, Mr. Jackson filed a Rule 37 motion pursuant to the Arkansas Rules of Criminal Procedure. *Id.* The circuit court denied the motion, and Mr. Jackson appealed. *Id.* at 4. The Arkansas Supreme Court dismissed that appeal given that Mr. Jackson had not timely filed his Rule 37 motion. *Id.*

On May 6, 2003, Mr. Jackson filed a habeas petition with this Court alleging ineffective assistance of counsel and error regarding the circuit court's application of ARK. CODE ANN. § 16-90-121 (Doc. No. 7-2 at 6-7.) This Court dismissed the claims in that petition as procedurally barred and without merit. (Doc. No. 7-3.)

On January 4, 2008, Mr. Jackson moved for authorization to file a successive habeas petition. (Doc. No. 7-7, at 6.) On May 1, 2008, the United States Court of Appeals for the Eight Circuit denied Mr. Jackson's motion. (Doc. No. 7-5.) Nonetheless, on April 18, 2008, Mr. Jackson filed another habeas petition with this Court. (Doc. No. 7-7, at 6-7.) That petition was dismissed as

successive on July 10, 2008. (Doc. No. 7-9.) On October 21, 2011, Mr. Jackson filed the instant habeas Petition. (Doc. No. 1.) On December 19, 2011, Respondent moved to dismiss Mr. Jackson's Petition as successive. (Doc. No. 6.)

## II.   DISCUSSION

Pursuant to 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Accordingly, claims twice raised in the federal habeas context "shall be dismissed." 28 U.S.C. 2244(b)(1). Similarly, new claims not raised in a previously filed habeas petition "shall be dismissed unless:"

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2244(b)(2).

## III.   ANALYSIS

The instant Petition is successive; it is Mr. Jackson's third § 2254 petition. The United States Court of Appeals for the Eighth Circuit previously denied Mr. Jackson authorization to file a successive petition on May 1, 2008, and Mr. Jackson did not acquire prior authorization before filing the Petition in this case. All of the present claims were raised in Mr. Jackson's earlier habeas petitions. *Compare* Doc. No. 1 at 4-5, *with* Doc. No. 7-2 at 6-7, *and* Doc. No. 7-7 at 5-6.

Additionally, Mr. Jackson has not raised any claims that would be excused under 28 U.S.C. § 2244(b)(2). As a result, his Petition should be dismissed as successive.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 6) be GRANTED.

2. Mr. Jackson's § 2254 Petition (Doc. No. 1) be DISMISSED WITH PREJUDICE and the requested relief be DENIED.

DATED this 27th day of January, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE